UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLDFIRE TECHNOLOGY, LLC, a Texas limited
liability company,

        Plaintiff,

vs.                                                    Case No: 8:06-cv-1314-T-17TGW

FRANCIS MASYADA,
THERMAL TECHNOLOGY SERVICES, INC.,
a Florida corporation,
FRAN-COR GROUP, INC., a Florida corporation,
FRANK SEVERINO, and
RICHARD CORSALE,

        Defendants.
_____/

## PERMANENT INJUNCTION

THIS CAUSE having come before the Court upon the Parties' Joint Motion for Entry of a Permanent Injunction and Dismissal of Claims, and the Court having considered the matter and otherwise being fully advised in the premises, the Court finds as follows:

    1.    Plaintiff, COLDfire Technologies, LLC ("COLDfire"), filed this action against Defendants, Francis Masyada ("Masyada"), Thermal Technology Services, Inc. ("TTS"), and others, asserting claims for patent infringement, trademark infringement under the Lanham Act, false advertising and unfair competition under the Lanham Act, false advertising under Florida, common law unfair competition, deceptive and unfair trade practices, trademark dissolution and injury to business reputation and common law

trademark infringement. In this action, Plaintiff seeks recovery of money damages as well as injunctive relief. Masyada and TTS have answered and denied Plaintiff's allegations.

2. On December 25, 2001, the United States Patent and Trademark Office issued Patent No. US 6,332,325B1 entitled "Apparatus and Method for Strengthening Articles of Manufacture Through Cryogenic Thermal Cycling" ("'325 Patent"). COLDfire is the lawful owner of all right, title and interest in and to the '325 Patent.

3. COLDfire is also the lawful owner of all rights, title and interest in and to the following marks:

    a. The service mark embodied in U.S. Trademark Registration No. 3,063,087 registered February 28, 2006.

    b. The service mark embodied in U.S. Trademark Registration No. 3,103,448 registered June 13, 2006.

    c. The service mark embodied in U.S. Trademark Registration No. 2,669,668 registered December 31, 2002.

    d. The service mark embodied in U.S. Trademark Registration No. 2,630,011 registered October 8, 2002.

4. The above-referenced marks (collectively "the COLDfire Trademarks") have all been in continuous use and commerce since before the date of their registration. Plaintiff continues to use these marks relating to its cryogenic thermal cycling services and machines. Plaintiff, or its predecessors in interest, have spent extensive amounts of time and money developing the above-referenced service and trademarks through

marketing efforts so that these marks identify Plaintiff to consumers as a source of high quality for product and service.

5.  Plaintiff and Defendants Masyada and TTS have amicably resolved all claims by and between them and have agreed and stipulated to the entry of this Permanent Injunction and dismissal.

6.  Based on these findings and the stipulations of the parties, it is:

ORDERED AND ADJUDGED as follows:

1.  The '325 Patent and the COLDfire Trademarks are valid and enforceable. The COLDfire Trademarks are incontestable pursuant to 15 U.S.C. § 1065.

2.  Defendants Masyada and TTS, and all of their agents, servants, employees, attorneys and those persons in active concert or participation with them, who receive actual notice of this Injunction shall not and are hereby permanently enjoined from:

    a.  Using the following words, phrases, terms or any colorable imitation thereof, in any manner, whether written, verbal, electronic or otherwise:

        (i)   COLDfire;
        (ii)  Cryogenic thermal cycling;
        (iii) '325 Patent;
        (iv)  U.S. Patent No. 6,332,325; and,
        (v)   Apparatus and Method for Strengthening Articles of Manufacture Through Cryogenic Thermal Cycling

    b.  Using the COLDfire Trademarks or any colorable imitation thereof, in any manner, whether written, verbal, electronic, or otherwise;

      c.    Claiming inventorship, directly or indirectly, of the '325 Patent, the invention embodied therein, and/or cryogenic thermal cycling, in any manner, whether written, verbal, electronic or otherwise;

      d.    Performing the cryogenic thermal cycling process embodied in the '325 Patent except as otherwise expressly agreed to by the parties;

      e.    Making, selling or offering for sale, and/or inducing others to make, sell or offer for sale, directly or indirectly, any machine, device or other apparatus embodied in the '325 Patent; and

      f.    Having any ownership or investment interest in or otherwise becoming employed or serving as an advisor or consultant, in any capacity, with any other person or entity that performs, provides, makes, sells or offers for sale any goods or services in violation of the '325 Patent or the COLDfire Trademarks.

3.    Masyada and TTS are hereby ordered to forthwith remove any reference to any claim of inventorship of the '325 Patent, the invention embodied therein, and/or cryogenic thermal cycling from any and all websites, advertisements, publications, or any other document over which Masyada and/or TTS have direct or indirect control.

4.    This Injunction shall not be construed or interpreted as precluding Masyada and/or TTS from continuing to advertise or promote their goods or services as "thermal cycling."

5.    The Parties have waived any requirement for the posting of a bond for the giving of any security, therefore, no bond or other security shall be required.

6. Any right to contest the terms of this Permanent Injunction, including any and all appellate rights are mutually waived by the Parties.

7. Each party shall bear its own attorneys' fees and costs incurred in this matter.

8. All claims asserted in the Complaint against Masyada and TTS are hereby dismissed, with prejudice; however, this Court reserves jurisdiction to enforce the terms of this Injunction and the settlement between the Parties, and to grant any other relief deemed appropriate.

DONE AND ORDERED in Chambers at Hillsborough County, Florida the 5th day of September, 2007.

ELIZABETH A. KOVACHEVICH
District Court Judge

Copies hereof furnished to:

Edward P. Dutkiewicz, Esquire
Edward P. Dutkiewicz, P.A.
640 Douglas Avenue
Dunedin, FL 34698
E-Mail: ed@edduke.com

Richard Corsale, Pro Se
5973 48th Avenue North
Kenneth City, FL 33709

Frank Severino, Pro Se
1503 Tangerine Street
Clearwater, FL 33756

Jared E. Smith, Esquire
David C. Willis, Esquire
Rumberger, Kirk & Caldwell
Post Office Box 3390
Tampa, Florida 33601-3390
E-Mail: jsmith@rumberger.com
E-Mail: dwillis@rumberger.com

242516