UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLDFIRE TECHNOLOGY, LLC, a Texas limited
liability company,

        Plaintiff,

vs.                                        Case No: 8:06-cv-1314-T-17TGW

FRANCIS MASYADA,
THERMAL TECHNOLOGY SERVICES, INC., a Florida
corporation,
FRAN-COR GROUP, INC., a Florida corporation,
FRANK SEVERINO, and
RICHARD CORSALE,

        Defendants.
_____/

**AGREED FINAL JUDGMENT AND PERMANENT INJUNCTION
AGAINST DEFENDANTS FRAN-COR GROUP, INC.,
FRANK SEVERINO AND RICHARD CORSALE**

THIS CAUSE having come before the Court on the parties' Joint Motion for Entry of an Agreed Final Judgment and Permanent Injunction, the Court having considered the matter and otherwise being fully advised in the premises, the Court finds as follows:

    A.    Plaintiff Coldfire Technology, LLC ("COLDfire") filed this action against Defendants Fran-Cor Group, Inc., Frank Severino, and Richard Corsale ("Defendants"), asserting claims for patent and trademark infringement, unfair competition, and deceptive and unfair trade practices.

    B.    Defendants admit to unintentionally using the COLDfire name, trademark and service marks as identified in Plaintiff's First Amended Complaint without the

consent or permission of COLDfire. Defendants stipulate that said usage was for the purpose of selling cryogenic thermal cycling services and technology.

C. From the time of its inception, Defendants owned and maintained the 30yardsplus.com website. Defendants stipulate that an accurate copy of the 30yardsplus.com website is attached to the Joint Motion for Final Judgment and Permanent Injunction as Exhibit "B."

D. Defendants admit that they entered into a contractual agreement with Francis Masyada ("Masyada") and Thermal Technology Services, Inc. ("TTS"), to act as sales representatives. A true and correct copy of said agreement is attached Joint Motion for Final Judgment and Permanent Injunction as Exhibit "C."

E. From approximately November 8, 2005, until approximately February 1, 2007, Defendants operated as agents for Masyada and TTS. All materials contained on the Defendants' website, 30yardsplus.com, were provided by and reviewed by Masyada.

F. Masyada interchangeably used the terms "thermal cycling" and "COLDfire" to describe the process which he was providing and which he was directing Defendants to sell.

G. Prior to and during the time Defendants acted as sales representatives for Masyada and TTS, Masyada did not advise Defendants that the COLDfire name or accompanying marks were registered service marks or trademarks in the United States.

H. Prior to and during the time Defendants acted as sales representatives for Masyada and TTS, Masyada did not advise the Defendants that the COLDfire marks were owned by another entity other than himself or had been transferred by himself to another entity.

I.  Prior to and during the time Defendants acted as sales representatives for Masyada and TTS, Masyada did not advise Defendants that COLDfire was the owner of the patented cryogenic technology and patented cryogenic service which Masyada was offering for sale through the Defendants.

J.  Defendants were not advised at any time by Masyada that a patent infringement action had been filed against Masyada by COLDfire.

K.  Defendants were not advised by Masyada that an injunction was entered against Masyada on August 4, 2003, by the 6th Judicial Circuit, Pinellas County, Florida, preventing him from using the COLDfire marks in relation to any advertising, marketing or other business.

L.  Defendants do not dispute that COLDfire is the rightful and lawful owner of U.S. Patent 6,332,325 ("the '325 Patent").

M.  Defendants do not dispute that COLDfire is the rightful and lawful owner of all COLDfire marks subject to this litigation, including, but not limited to: U.S. Trademark Reg. No. 3,063,087, U.S. Trademark Reg. No. 3,103,448, U.S. Trademark Reg. No. 2,669,668, and U.S. Trademark Reg. No. 2,630,011.

N.  Defendants have no good faith grounds to dispute the validity of the '325 Patent or the COLDfire marks subject to this litigation.

O.  Based on these findings and the stipulations of the parties, it is:

ORDERED and ADJUDGED as follows:

1.  Defendants, including and any of their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, are permanently enjoined as follows:

(a) From using, in any manner, the name COLDfire or any of the COLDfire marks as identified above in this injunction;

(b) From serving, as an employee, independent contractor or through any other contract, agreement or understanding, as a representative of Masyada, TTS, or any business entity owned or managed, in whole or in part, by Masyada or TTS, in relation to the sale, offer for sale, purchase, offer for purchase, marketing, or advertising of any treatments using the name "cryogenic thermal cycling", treatments using the name "COLDfire" or other confusingly similar name, treatments using the '325 Patent process, or any machines which infringe the '325 Patent;

(c) From using the 30yardsplus.com website or any other similarly worded website for the purpose of advertising, marketing or otherwise promoting, in any manner, cryogenic treatments, cold temperature treatments, cryogenic thermal cycling treatments, thermal cycling treatments, cold and heat treatments, or machines capable of any of these functions;

(d) From challenging the validity or COLDfire's ownership of the '325 Patent in any future judicial or administrative proceeding; and

(e) From challenging the validity or COLDfire's ownership of the COLDfire marks in any future judicial or administrative proceeding, including but not limited to U.S. Trademark Reg. No. 3,063,087, U.S. Trademark Reg. No. 3,103,448, U.S. Trademark Reg. No. 2,669,668, and U.S. Trademark Reg. No. 2,630,011.

2. Upon reasonable notice provided of no less the Five (5) business days, and without the necessity of a subpoena, Defendants shall appear in this jurisdiction to provide testimony in this action, if needed.

3. The parties have waived any requirement for security; therefore, no security shall be required.

4. Any right to contest the terms of this Agreed Final Judgment and Permanent Injunction, including any and all appellate rights, are mutually waived by the parties.

5. Each party shall bear its own attorneys' fees and costs incurred in this matter.

6. All claims asserted against the Defendants in the First Amended Complaint, are hereby dismissed, with prejudice; however, this Court reserves jurisdiction to enforce the terms of this Agreed Final Judgment and Permanent Injunction and to grant any other relief deemed appropriate in the event any term of this Agreed Final Judgment and Permanent Injunction is violated.

DONE and ORDERED in Chambers in Tampa, Florida this 5th day of September, 2007.

ELIZABETH A. KOVACHEVICH
District Court Judge

Copies Furnished to:

Copies hereof furnished to:

Edward P. Dutkiewicz, Esquire
Edward P. Dutkiewicz, P.A.
640 Douglas Avenue
Dunedin, FL 34698
E-Mail: ed@edduke.com

Richard Corsale, Pro Se and as representing Fran Cor Group, Inc.
5973 48th Avenue North
Kenneth City, FL 33709

Frank Severino, Pro Se
1503 Tangerine Street
Clearwater, FL 33756

Jared E. Smith, Esquire
David C. Willis, Esquire
Rumberger, Kirk & Caldwell
Post Office Box 3390
Tampa, Florida 33601-3390
E-Mail: jsmith@rumberger.com
E-Mail: dwillis@rumberger.com

243827